UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-21808-RNS

TODD BENJAMIN INTERNATIONAL, LTD. and
TODD BENJAMIN, individually and on behalf of
all others similarly situated, and derivatively on
behalf of the TCA Global Credit Master Fund, L.P.,
TCA Global Credit Fund, LP, and TCA Global
Credit Fund, Ltd.,

      Plaintiffs,

v.

TCA FUND MANAGEMENT GROUP CORP., a
Florida corporation, ROBERT PRESS, ALYCE
SCHREIBER, WILLIAM FICKLING, THOMAS
DAY, PATRICK PRIMAVERA, DONNA
SILVERMAN, and TARA ANTAL,

      Defendants.
_____/

**PLAINTIFFS' MOTION TO LIFT STAY TO FILE AMENDED COMPLAINT**

      Plaintiffs, Todd Benjamin International, Ltd. and Todd Benjamin ("Plaintiffs"), individually and behalf of all others similarly situated, move for an order lifting the stay of this action and administratively reopening the action so that Plaintiffs may file an Amended Complaint. In support thereof, Plaintiffs state as follows:

      1.     Plaintiffs, individually and on behalf of a putative class of investors, filed this action on April 30, 2020, seeking damages and other relief against TCA Fund Management Group Corp., along with related entities, officers, and directors (collectively, the "TCA Defendants"), in connection with a scheme to improperly inflate the value of assets and hide substantial losses in a private equity fund. [*See* D.E. 1].

2. Shortly thereafter, on May 11, 2020, Judge Altonaga entered an order (the "Receivership Order") appointing Jonathan E. Perlman as receiver over TCA Fund Management Group Corp., TCA Global Credit Fund GP, Ltd., TCA Global Credit Fund, LP, TCA Global Credit Fund, Ltd. and TCA Global Credit Master Fund, LP (the "Receivership Entities") in a related enforcement action brought by the Securities and Exchange Commission (the "SEC"). *See Securities and Exchange Commission v. TCA Fund Management Group Corp. et al.*, No. 20-21964-CIV-ALTONAGA (S.D. Fla.) (the "SEC Action"). The Receivership Order also enjoins and stays claims against the Receivership Entities and their officers, directors, or managers.

3. As a result, on June 22, 2020, Plaintiffs and the Receiver submitted a Joint Motion for Entry of an Order Staying and Administratively Closing This Case. [D.E. 15]. Plaintiffs acknowledged the effect of the Receivership Order and agreed that entry of an order staying and administratively closing the case was appropriate under the circumstances.

4. That same day, the Court entered an Order Administratively Staying and Administratively Closing This Case (the "Stay Order"). [D.E. 16]. In relevant part, the Stay Order contemplates revision to the stay upon changed circumstances:

> In the event that Judge Altonaga's stay is lifted in whole, or in relevant part, or additional parties are added to this case for which the stay would not apply, either party shall promptly notify the Court and seek an appropriate revision of this stay, if warranted.

[D.E. 16 at 2].

5. Since entry of the Stay Order, Plaintiffs have continued investigating their claims against the TCA Defendants and others, and have entered into a Litigation Coordination Agreement with the Receiver, which was recently approved by Judge Altonaga on August 9, 2022. (SEC Action at D.E. 288).

6. Plaintiffs' investigation suggests that certain third parties assisted the TCA Defendants in misleading investors and made misrepresentations of their own to the detriment of Plaintiffs and the Class. Accordingly, Plaintiffs seek to amend their Complaint to bring claims against Grant Thornton International Ltd., Grant Thornton Cayman Islands, Grant Thornton Ireland, Bolder Fund Services (USA), LLC, and Bolder Fund Services (Cayman), Ltd.

7. Moreover, given the appointment of the Receiver, whose charge it is to preserve and maximize the assets of the Receivership Entities for the benefit of investors and creditors, and the continuing injuctive effect of the Receivership Order, Plaintiffs seek to dismiss their claims against the TCA Defendants without prejudice.

8. In connection with Plaintiffs' revised claims, Plaintiffs obtained Judge Altonaga's confirmation in the SEC Action that this Motion and Plaintiffs' amended pleading would not violate the litigation stay imposed by the Receivership Order. (SEC Action at D.E. 297). Modification of the Stay Order therefore is appropriate given Plaintiffs' intent to assert claims beyond the scope of the Receivership Order and that are not directed against the Receivership Entities.

9. Plaintiffs thus submit that, pursuant to Federal Rule of Civil Procedure 15, amendment is proper and the stay affecting this case should be lifted so that Plaintiffs can prosecute their case against those who assisted the TCA Defendants. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

10. Indeed, the amendment sought would, as a practical matter, place this action beyond the scope of the Receivership Order because it would not assert claims against the Receivership Entities or their officers or directors. The concerns underlying the Stay Order therefore would be inapplicable going forward.

11. Pursuant to Local Rule 15.1, a copy of Plaintiffs' proposed Amended Complaint is attached hereto as **Exhibit A**.

12. For the foregoing reasons, Plaintiffs ask the Court to lift the stay and permit them to file their Amended Complaint.

13. **Local Rule 7.1(a)(3) Certification**: Counsel for Plaintiffs have conferred with the Receiver regarding the relief requested herein. The Receiver approves the relief.

**WHEREFORE**, Plaintiffs respectfully request entry of an order lifting the stay entered pursuant to the Stay Order, administratively reopening the case, and permitting Plaintiffs to file their Amended Complaint, along with such other relief the Court deems just and proper. A proposed Order is attached as **Exhibit B**.

Date: August 29, 2022.

Respectfully submitted,

**WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC**

*/s/Aaron M. Cohn*
Aaron M. Cohn, Esq.
Florida Bar No.: 95552
Weinberg Wheeler Hudgins
Gunn & Dial, LLC
2601 South Bayshore Drive
Suite 1500
Miami, FL 33133
T: (305) 455-9500
F: (305) 455-9501
E-mail: acohn@wwhgd.com
dmallqui@wwhgd.com
mferrer@wwhgd.com
*Counsel for Plaintiffs*

**SILVER LAW GROUP**

*/s/ Scott L. Silver*
Scott L. Silver
Fla. Bar No. 095631
11780 W. Sample Road
Coral Springs, Florida 33065
T: (954) 755-4799
F: (954) 755-4684
E-mail: ssilver@silverlaw.com
rfeinberg@silverlaw.com
*Counsel for Plaintiffs*

**GIBBS LAW GROUP LLP**

*/s/ David Stein*
David Stein (*pro hac vice* to be submitted)

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

*/s/ Jason Kellogg*

4

| | |
|---|---|
| Kyla J. Gibboney (*pro hac vice* to be submitted)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>T: (510) 350-9700<br>F: (510) 350-9701<br>E-mail: ds@classlawgroup.com<br>kjg@classlawgroup.com<br>*Counsel for Plaintiffs* | Jeffrey C. Schneider, P.A.<br>Florida Bar No. 933244<br>Primary: jcs@lklsg.com<br>Secondary: ph@lklsg.com<br>Jason K. Kellogg, P.A.<br>Florida Bar No. 0578401<br>Primary: jk@lklsg.com<br>Secondary: ame@lklsg.com<br>Victoria J. Wilson<br>Florida Bar. No. 0092157<br>Primary: vjw@lklsg.com<br>Secondary: cf@lklsg.com<br>Marcelo Diaz-Cortes<br>Florida Bar No. 118166<br>Primary: md@lklsg.com<br>Secondary: cf@lklsg.com<br><br>Miami Tower<br>100 SE 2nd Street, 36th Floor<br>Miami, Florida 33131<br>Telephone: 305.403.8788<br>Facsimile: 305.403.8789<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that, on, a true and correct copy of the foregoing has been served upon all counsel of record identified on the attached Service List via electronic mail.

/s/ *Jason Kellogg*
JASON K. KELLOGG, P.A.