United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Todd Benjamin International, Ltd. and others, Plaintiffs, <br><br> v. <br><br> TCA Fund Management Group Corp. and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 20-21808-Civ-Scola <br> ) <br> ) <br> ) |

### Order Authorizing Alternate Service of Process

This matter is before the Court upon the Plaintiffs' Ex Parte Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(2) or 4(f)(3) (ECF No. 26) seeking this Court's authorization to effectuate service of process by international mail. For the reasons stated herein, the Court **grants the motion in part**. (**ECF No. 26**.)

1. **Background**

On April 30, 2020, Plaintiffs Todd Benjamin International, Ltd., and Mr. Todd Benjamin, filed the instant civil action for fraud relating to the Plaintiffs' investments in "a series of Cayman-based hedge funds." (Compl., ECF No. 1, at 1.) The Plaintiffs initially sued "the investment advisor and certain officers and directors" of the funds. (*Id.*) The case was temporarily stayed after a receiver was appointed in a separate action against the Defendants by the Securities and Exchange Commission. (Order Staying Case, ECF No. 16.) The Plaintiffs later moved to reopen the case and amend the complaint to add defendants not subject to the receivership, which the Court granted. (Order Lifting Stay, ECF No. 20.) The Plaintiffs added several foreign entities in the amended complaint, whom they now seek to serve by alternate service of process.

In their motion, the Plaintiffs request an order authorizing service of process by international mail on four foreign Defendants: Grant Thornton International Ltd. ("GTIL"), Grant Thornton Cayman Islands ("GTCI"), Grant Thornton Ireland ("GTI"), and Bolder Fund Services (Cayman), Ltd. ("Bolder Cayman," and collectively, the "Foreign Defendants"). ("Chino-E") (Mot. at 1-2.) According to the Plaintiffs, GTIL is based in the United Kingdom, GTI is based in Ireland, and GTCI and Bolder Cayman are based in the Cayman Islands. (Mot. at 2-3.)

### 2. Analysis

#### A. Rule 4(f)(2)

Rule 4(f)(2) permits service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). The Hague Convention does not expressly preclude service by international mail. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) ("in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.") Two of the countries where the Foreign Defendants reside—the United Kingdom and the Cayman Islands—have not objected to service by mail under the Hague Convention. *Ghostbed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 691 (S.D. Fla. 2016) (Snow, Mag. J.) (United Kingdom and Cayman Islands). Ireland, on the other hand, has objected in part to service under Article 10 of the Hague Convention—instead, Ireland requires service to be completed "directly through a solicitor in Ireland." *GCIU-Emp. Ret. Fund v. Coleridge Fine Arts*, No. 14-2303-EFM-GLR, 2015 WL 622327, at *1 (D. Kan. Feb. 12, 2015). Finally, the United Kingdom and the Cayman Islands statutorily authorize service by mail. (*See* Mot. at 5 nn.1, 3 (citing both countries' service statutes).)

Service of process by international mail has been upheld in circumstances similar to those here. *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 631 (S.D. Fla. 2012) (Ungaro, J.) (collecting cases approving service via commercial mail under Article 10(a) of the Hague Convention). Service by international mail under Federal Rule of Civil Procedure 4(f)(2) is therefore reasonably calculated, under all circumstances, to apprise Defendants GTIL, GTCI, and Bolder Cayman of the pending action and afford them an opportunity to respond. *Ghostbed*, 315 F.R.D. at 691. Because Ireland objects to service other than through a solicitor located in Ireland, the Court denies the motion to serve Defendant GTI under Rule 4(f)(2).

#### B. Rule 4(f)(3)

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service pursuant to Rule 4(f)(3) is neither "a last resort nor extraordinary relief." *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process,

meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Ghostbed*, 315 F.R.D. at 693.

The Hague Convention does not expressly preclude service by international mail. *See id.* As under Rule 4(f)(2), service of process by international mail has been upheld under Rule 4(f)(3) in circumstances similar to those here. *See, e.g., id.* Therefore, Defendants GTIL, GTCI, and Bolder Cayman may be properly served by international mail under Rule 4(f)(3).[1] Service by international mail is therefore reasonably calculated, under all circumstances, to apprise Defendants GTIL, GTCI, and Bolder Cayman of the pending action and afford them an opportunity to respond.

For these reasons, the Court **grants in part** the Plaintiffs' motion. (**ECF No. 26**.) The Clerk is **directed** to dispatch a copy of the Summons, Amended Complaint, and this Order via international mail for service upon Defendants GTIL, GTCI, and Bolder Cayman. The Plaintiffs are **directed** to deliver the required documents and addresses to the Clerk's office so that it may carry out this Order. The Plaintiffs are also **permitted** to serve the Summonses, Amended Complaint, and all other filings and discovery in this matter upon Defendants GTIL, GTCI, and Bolder Cayman by sending the Summons, Amended Complaint, and this Order to those Defendants via international mail. The Plaintiffs shall file an international mail proof of signature, under Federal Rule of Civil Procedure 4(l)(2)(B), as proof of service for each of the Foreign Defendants. The Plaintiffs' motion is **denied**, albeit without prejudice, as to Defendant GTI due to Ireland's partial objection to Article 10(a) of the Hague Convention.

**Done and ordered** at Miami, Florida, on October 25, 2022.

Robert N. Scola, Jr.
United States District Judge

---

[1] Ireland's partial objection to alternate service under Article 10(a) of the Hague Convention similarly prevents alternate service on Defendant GTI under Rule 4(f)(3). *GCIU-Emp. Ret. Fund*, 2015 WL 622327, at *1.