United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Todd Benjamin International, Ltd. and Todd Benjamin, individually and on behalf of others similarly situated, Plaintiffs,<br><br>v.<br><br>Grant Thornton International, Ltd., Grant Thornton Cayman Islands, Grant Thornton Ireland, Bolder Fund Services (USA), and Bolder Fund Services (Cayman), Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 20-21808-Civ-Scola<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Order Granting Preliminary Approval of Proposed Class Settlement

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (the "Motion") of the above-captioned case. (ECF No. 170.) The settlement has been entered into between Plaintiffs Todd Benjamin International, Ltd., Todd Benjamin, Zbynek Dvorak, and Fawzi Bawab (together, the "Class Plaintiffs"); Jonathan Perlman, Esq. (the "Receiver"), as equity receiver for, among others, TCA Global Credit Fund, LP, TCA Global Credit Fund, Ltd., TCA Global Credit Master Fund, LP, and TCA Global Lending Corp. in *SEC v. TCA Fund Management Group Corp. et al.*, No. 20-cv-21964-CMA (S.D. Fla.) (the "SEC Action"); Defendants Grant Thornton Cayman Islands and Grant Thornton Ireland (together, "Grant Thornton"); the Cayman Islands court appointed Joint Official Liquidators ("JOLs"); and TCA Fund Management Group Corp.'s former officers and directors (the "Former Officers and Directors") as set forth in the Parties' Settlement Agreement (the "Settlement" or the "Agreement").

Upon review and consideration of the motion, the proposed settlement agreement, and the exhibits thereto, it is **hereby ordered and adjudged** as follows:

1. The Court **grants** the Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (**ECF No. 170**).

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332(d).

3. Venue is proper in this District.

4. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

## Likely Certification of the Settlement

5. The proposed Settlement Class is defined as follows: "All persons (excluding profiteers or investors who received back more than their principal investment and investors who opt out of the settlement) with a beneficial interest in or who invested in TCA Global Credit Master Fund L.P., including all investors in TCA Global Credit Fund, L.P. and TCA Global Credit Fund, Ltd."[1]

6. The Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the proposal pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 23(e)(1)(B)(ii), since (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the class action is impracticable, *see* Fed. R. Civ. P. 23(a)(1); (b) there are questions of law and fact common to the Settlement Class, see Fed. R. Civ. P. 23(a)(2); (c) the claims of the Class Plaintiffs are typical of the claims of the Settlement Class, *see* Fed. R. Civ. P. 23(a)(3); (d) Class Plaintiffs and Class Counsel are adequate representatives of the Class, *see* Fed. R. Civ. P. 23(a)(4); (e) the questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual members, *see* Fed. R. Civ. P. 23(b)(3); and (f) a class action is superior to other available means of adjudicating this dispute, *see* Fed. R. Civ. P. 23(b)(3). The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability concerns that might otherwise arise in connection with a trial of Class Plaintiffs' claims. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

---

[1] Further excluded from the Settlement Class are Grant Thornton and its parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; the Former Officers and Directors; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

7. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Gibbs Law Group LLP, Levine Kellogg Lehman Schneider + Grossman LLP, Silver Law Group, and Weinberg Wheeler Hudgins Gunn & Dial to serve as Class Counsel.

### Preliminary Approval of the Proposed Settlement

8. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Class Plaintiffs' motion papers, the declaration of counsel, the declaration of the Receiver, and all argument made. As part of that evaluation, the Court notes that the parties reached the Settlement with the assistance of Hon. Michael A. Hanzman (Ret.) of Bilzin Sumberg Baena Price & Axelrod LLP, who oversaw the parties' negotiations, including during two mediation sessions, held in March 2024 and April 2024.

9. Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Plaintiffs and Class Counsel who adequately represented the Settlement Class; (b) was negotiated at arm's length with the assistance of Hon. Michael A. Hanzman (Ret.); (c) provides relief for the Settlement Class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorney's fees and costs, including timing of payment; and (iv) the other agreement pertaining to the Settlement; and (d) treats members of the Settlement Class equitably relative to each other. Moreover, the Court has evaluated the Settlement under the additional factors enumerated in *Bennett v. Behring Corporation*, 737 F.2d 982, 986 (11th Cir. 1984), and finds that it will likely be able to approve the Settlement under the *Bennett* factors as well.

10. Based on the above findings, the Court finds that it will likely be able to approve the Settlement as fair, reasonable, and adequate, so as to warrant providing notice of the Settlement to the Settlement Class consistent with the notice plan set forth in the Agreement.

### Notices and Administration

11. The Court approves the Agreement to the extent that it calls for the Settlement to be administered by and notice to the Settlement Class to be

12. Under Rule 23(c)(2), the Court finds that the provisions for notice to the Settlement Class as set forth in the Settlement, satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The notice is reasonably calculated to apprise the Settlement Class of their right to object or exclude themselves from the Settlement and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice. Further, the Court notes that Judge Altonaga has previously approved the Receiver's plan for communicating with and distributing funds to investors. *See* SEC Action, ECF Nos. 284, 371. The Court therefore approves the proposed methods of providing notice and directs the Receiver to proceed with providing notice to members of the Settlement Class, pursuant to the terms of the Settlement Agreement and this Order, no later than 30 days after the date of the filing of this Order. The Receiver's website, publicly available to the Settlement Class and a link to which will appear in the notice to the Settlement Class, shall contain the Settlement Agreement and its Exhibits; shall provide information to the Settlement Class about the procedures for objecting and opting out of the Settlement; and shall prominently display the time, date, and location of the Final Approval Hearing (once the day and time have been set by this Court). Further, the Receiver's website shall contain the Motion for Final Approval of Class Settlement and Award of Attorneys' Fees and Costs once filed in accordance with this Order.

13. No later than ten days before the Final Approval Hearing, the Receiver shall file a declaration reflecting that notice was disseminated in a manner consistent with the Settlement Agreement and this Order.

disseminated by the Receiver as more fully set forth in the Agreement pursuant to Fed. R. Civ. P. 23(c).

Objections and Exclusions

14. Members of the Settlement Class who wish to opt out and exclude themselves from the Settlement Class may do so by submitting such request in writing consistent with the specification listed in the Notice no later than **Monday, May 5, 2025**.

15. To submit an opt-out request, a member of the Settlement Class must follow the directions in the Notice and send a request to the Receiver at the address designated in the Notice by the opt-out date. In the opt-out request,

the member of the Settlement Class must provide (i) the name, address, and telephone number of the potential member of the Settlement Class; (ii) an unequivocal statement that the member of the Settlement Class wishes to be excluded from the Settlement Class; and (iii) the signature of the member of the Settlement Class or the legally authorized representative of the member of the Settlement Class. Requests for exclusion must be exercised individually by the member of the Settlement Class and are only effective as to the individual member of the Settlement Class requesting exclusion.

16. If a timely and valid opt-out request is made by a member of the Settlement Class, then that person will not be a member of the Settlement Class, and the Agreement and any determinations and judgments made by this Court concerning the Agreement will not bind the excluded person (unless, before entry of a Class Final Approval Order, the Settlement Class member rescinds their opt-out request in writing).

17. All members of the Settlement Class who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Class Final Approval Order and Judgment.

18. Any member of the Settlement Class who wishes to object to the Settlement must submit such request in writing consistent with the specification listed in the notice no later than 120 days after the entry of this Order.

19. To object to the Settlement, a member of the Settlement Class must follow the directions in the Notice and mail a written objection to the Court by the objection date. In the written objection, the member of the Settlement Class must state (i) the name of the Class Action; (ii) the objection's full name, address, email address, and telephone number; (iii) an explanation of the basis upon which the objector claims to be a member of the Settlement Class; (iv) all grounds for the objection, accompanied by any legal support for the objection; (v) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; (vi) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (vii) the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date on which the objector files the objection; (viii) the number of times in which the

objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objections, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (ix) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity; (x) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (xi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (xii) the objector's signature on the written objection (an attorney's signature is not sufficient).

20. Any attorney hired by a member of the Settlement Class for purposes of objecting to the Settlement or intervening in this Action must file a notice of appearance with the Clerk of Court with a copy thereof no later than the deadline for submitting objections.

21. Any member of the Settlement Class who does not submit a timely objection may, in the discretion of the Court, waive the right to object or to be heard at the Final Approval Hearing and be barred from making any objection to the Settlement.

<u>Final Approval Hearing and Schedule</u>

22. On **May 19, 2025, at 8:30 a.m.**, the Court will hold a hearing on entry of final approval of the Settlement and an award of fees and expenses to Class Counsel at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128. At the final approval hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the Settlement Class, and judgment entered on the terms stated in the Settlement; and (b) whether Class Plaintiffs' application for an award of attorney fees and expenses to Class Counsel ("Fee Application") should be granted. The Fee Application shall cover the total contingent attorneys' fee for Class Counsel and counsel for the Receiver. Once all conditions precedent to the final approval of the Settlement have been achieved, i.e., approvals are obtained in the SEC Action and in the Cayman Court, the Parties shall contact the Court to

schedule the final approval hearing. The hearing shall occur at least 30 days after a date has been selected; once the date has been set, it shall be prominently displayed on the Receiver's website. (Settlement § 7(b).) In the event that any condition precedent to the Settlement is not achieved, the Parties shall promptly file a status report informing the Court.

23. Class Plaintiffs shall move for final settlement approval and approval of attorney's fees and litigation expense reimbursements no later than 90 days after the entry of this Order. To the extent Class Plaintiffs file an omnibus motion seeking both final approval and attorney's fees, they shall have leave to exceed the page limits set by local rule, but their motion shall not exceed 40 pages in length. No later than 14 days prior to the Final Approval Hearing, Plaintiffs shall file their reply papers, along with a declaration attaching all timely received objections and opt-out requests.

24. Accordingly, the following are the deadlines by which certain events must occur:

| Event | Deadline |
|---|---|
| Class notice mailed or emailed (as required by the Settlement Agreement) to members of the Settlement Class | **Monday, February 3, 2025** |
| Last day for Class Counsel to file motion seeking final settlement approval and award of attorneys' fees and cost reimbursements | **Thursday, April 3, 2025** |
| Last day for members of the Settlement Class to object or opt out of the Settlement | **Monday, 5, 2025** |

**Done and ordered** in Miami, Florida, on January 3, 2025.

_____
Robert N. Scola, Jr.
United States District Judge