United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Todd Benjamin International, Ltd. and Todd Benjamin, individually and on behalf of others similarly situated, Plaintiffs, <br><br> v. <br><br> Grant Thornton International, Ltd., Grant Thornton Cayman Islands, Grant Thornton Ireland, Bolder Fund Services (USA), and Bolder Fund Services (Cayman), Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 20-21808-Civ-Scola ) ) ) ) ) ) ) ) |

**Order Granting Final Approval of Proposed Class Action Settlement and Award of Attorneys' Fees and Costs**

   This matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Proposed Class Action Settlement and Award of Attorneys' Fees and Costs (ECF No. 181). The settlement has been entered into between Plaintiffs Todd Benjamin International, Ltd., Todd Benjamin, Zbynek Dvorak, and Fawzi Bawab (together, the "Class Plaintiffs"); Jonathan Perlman, Esq. (the "Receiver"), as equity receiver for, among others, TCA Global Credit Fund, LP, TCA Global Credit Fund, Ltd., TCA Global Credit Master Fund, LP, and TCA Global Lending Corp. in *SEC v. TCA Fund Management Group Corp. et al.*, No. 20-cv-21964-CMA (S.D. Fla.) (the "SEC Action"); Defendants Grant Thornton Cayman Islands and Grant Thornton Ireland (together, "Grant Thornton"); the Joint Official Liquidators appointed in a Cayman Islands court (the "JOLs"); and TCA Fund Management Group Corp.'s former officers and directors (the "Former Officers and Directors") as set forth in the Parties' settlement agreement.

   On May 19, 2025, the Court held a hearing on the motion. Upon review and consideration of the motion, including the settlement agreement and the exhibits thereto, the Court **grants** the Plaintiffs' motion (**ECF No. 181**).  of the above-captioned case. (ECF No. 170.)

   The Court hereby finds and orders that:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332(d).

2. Venue is proper in this District.

3. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

## Certification of the Settlement

4. The Settlement Class is defined as follows: "All persons (excluding profiteers or investors who received back more than their principal investment and investors who opt out of the settlement) with a beneficial interest in or who invested in TCA Global Credit Master Fund L.P., including all investors in TCA Global Credit Fund, L.P. and TCA Global Credit Fund, Ltd."[1]

5. The Court finds that it is able to certify the Settlement Class for purposes of judgment on the proposal pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 23(e)(1)(B)(ii), since (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the class action is impracticable, see Fed. R. Civ. P. 23(a)(1); (b) there are questions of law and fact common to the Settlement Class, see Fed. R. Civ. P. 23(a)(2); (c) the claims of the Class Plaintiffs are typical of the claims of the Settlement Class, see Fed. R. Civ. P. 23(a)(3); (d) Class Plaintiffs and Class Counsel are adequate representatives of the Class, see Fed. R. Civ. P. 23(a)(4); (e) the questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual members, see Fed. R. Civ. P. 23(b)(3); and (f) a class action is superior to other available means of adjudicating this dispute, see Fed. R. Civ. P. 23(b)(3). The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability concerns that might otherwise arise in connection with a trial of Class Plaintiffs' claims. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

6. The members of the Settlement Class who will be bound by this Class Final Approval Order shall include all members of the Settlement Class who did not submit a timely and valid opt-out request. There have been no members of the Settlement Class who have timely opted out.

---

[1] Further excluded from the Settlement Class are Grant Thornton and its parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; the Former Officers and Directors; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

7. Pursuant to Fed. R. Civ. P. 23(g), the Court reaffirms Gibbs Mura LLP, Levine Kellogg Lehman Schneider + Grossman LLP, Silver Law Group, and Weinberg Wheeler Hudgins Gunn & Dial to serve as Class Counsel.

## Approval of the Proposed Settlement

8. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, the pending motion, the declaration of counsel, the declaration of the Receiver, and all argument made. As part of that evaluation, the Court notes that the parties reached the settlement with the assistance of Hon. Michael A. Hanzman (Ret.) of Bilzin Sumberg Baena Price & Axelrod LLP, who oversaw the parties' negotiations, including during two mediation sessions, held in March 2024 and April 2024.

9. Based on its review, the Court finds that the settlement is fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Plaintiffs and Class Counsel who adequately represented the Settlement Class; (b) was negotiated at arm's length with the assistance of Hon. Michael A. Hanzman (Ret.); (c) provides relief for the Settlement Class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorney's fees and costs, including timing of payment; and (iv) the other agreement pertaining to the Settlement; and (d) treats members of the Settlement Class equitably relative to each other. Moreover, the Court has evaluated the Settlement under the additional factors enumerated in *Bennett v. Behring Corporation*, 737 F.2d 982, 986 (11th Cir. 1984), and finds that approval of the Settlement is appropriate under the *Bennett* factors as well.

10. The Court finds that the notice procedures set forth in the settlement agreement and carried out by the Receiver fully satisfy Rule 23 of the Federal Rules of Civil Procedure, satisfy the requirements of due process, and were the best notice practicable, under the circumstances, in that the class notice provided individual notice to all Settlement Class Members who could be identified through reasonable effort. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

11. For these reasons, the Court grants final approval of the settlement. The parties shall effectuate the settlement agreement according to its terms. The

settlement agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

12. Upon the Effective Date, all releases contained in the settlement agreement shall take effect, including that the Settlement Class Members shall have, by operation of this Final Approval Order, fully, finally and forever released, relinquished, and discharged Grant Thornton, the GT Insurers, the Former Officers and Directors, and AIG from all Claims pursuant to Sections 8(h)-(i) of the Settlement Agreement.

13. This Class Final Approval Order, the final judgment, the settlement agreement, the settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the settlement are not, and shall not be construed as or used as an admission by or against Grant Thornton or the Former Officers and Directors of any fault, wrongdoing, or liability on their part, or of the validity of any Claim or of the existence or amount of damages.

14. The claims of the Class Plaintiffs and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order entered in response to Class Counsel's motion brought in connection with the settlement, the parties shall bear their own costs and attorneys' fees.

15. Without affecting the finality of this Class Final Approval Order or the final judgment for purposes of appeal, the Court retains exclusive jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the provisions of the Settlement Agreement that affect the Settlement Class and/or Class Counsel and this Class Final Approval Order and accompanying final judgment, and for any other necessary purpose.

## Attorneys' Fees and Costs

16. Plaintiffs' counsel request that the Court approve an award for attorneys' fees of $6,220,500, which constitutes less than 24% of the total settlement value and 29% of the funds contributed by Grant Thornton. Class Counsel also request that the Court approve the reimbursement of their reasonably incurred litigation costs, which total $175,790.05.

17. Having reviewed the motion, and the materials submitted in support of the motion, the Court finds the requested award of attorneys' fees to be fair and reasonable. The requested attorneys' fees here constitute less than 24% of the total settlement value and 29% of the funds contributed by Grant Thornton. This award falls at or below the attorneys' fees typically awarded in the Eleventh Circuit for common funds. *See In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 (S.D. Fla. 2011) ("percentage of the fund is the exclusive method for awarding fees in common fund class actions"); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *5 (S.D. Fla. Sept. 26, 2012), report and recommendation adopted, 2012 WL 5289628 (S.D. Fla. Oct. 25, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third."). The Court further finds that the award of attorneys' fees is reasonable under the Camden factors. *See generally Camden I Condo. Assoc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). And the award of fees is reasonable as confirmed by a lodestar cross-check. *See Dickenson v. NPAS Sols.*, LLC, 2024 WL 4142934, at *2 (11th Cir. Sept. 11, 2024). Plaintiffs' counsel expended approximately 8,262 hours total in litigating the Class Action and the Receiver Action through March 21, 2025, resulting in a lodestar of $5,945,692.75—an effective multiplier of 1.04.

18. The Court therefore grants Plaintiff's counsel's request for attorneys' fees of $6,220,500 to be paid from the GT Settlement Payments.

19. The Court further finds that Class Counsel reasonably expended $175,790.05 in costs to prosecute the litigation on behalf of Class Plaintiffs and the Settlement Class. Reimbursement of counsel's out-of-pocket costs is routinely awarded. See Hanley v. Tampa Bay Sports & Ent. LLC, at *6 (M.D. Fla. Apr. 23, 2020) ("courts normally grant expense requests in common fund cases as a matter of course"); Belin v. Health Ins. Innovations, Inc., 2022 WL 1126006, at *6 (S.D. Fla. Mar. 10, 2022), report and recommendation adopted, 2022 WL 1125788 (S.D. Fla. Apr. 15, 2022) (same). Accordingly, the Court grants the request to reimburse Class Counsel's costs in the amount of $175,790.05 to be paid from the GT Settlement Payments.

**Done and ordered** in Miami, Florida, on May 19, 2025.

Robert N. Scola, Jr.
United States District Judge